**PERKINS COIE LLP**
DAVID T. BIDERMAN (Bar No. 101577)
CHARLES C. SIPOS (*Pro hac vice*)
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:     (415) 344-7000
Facsimile:      (415) 344-7050
E-mail:  DBiderman@perkinscoie.com
E-mail:  CSipos@perkinscoie.com

**CARLTON FIELDS**
CHRIS S. COUTROULIS (*Pro hac vice*)
ROBERT L. CIOTTI (*Pro hac vice*)
M. DEREK HARRIS (*Pro hac vice*)
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780
Telephone:     (813) 223-7000
Facsimile:      (813) 229-4133
E-mail:  ccoutroulis@carltnofields.com
E-mail:  rciotti@carltonfields.com
E-mail:  mdharris@carltonfields.com

**O'MELVENY & MYERS LLP**
JEFFREY J. FOWLER (Bar No. 172709)
400 South Hope Street
Los Angeles, California  90071
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407
E-mail: jfowler@omm.com

Attorneys for
GENERAL MILLS, INC.

*[Other counsel are listed on signature pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ANNIE LAM, on behalf of herself, and all others similarly situated, | Case No. 11-CV-05056 (SC) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| GENERAL MILLS, INC., | |
| Defendant. | |

PURPOSES AND LIMITATIONS[1]

   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.    DEFINITIONS

   1.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   1.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

   1.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

   1.4    Designated House Counsel: House Counsel who seek access to information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another Party or Non-Party.

   1.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

---

[1] The parties have agreed to utilize the Northern District of California's form protective order, which appears on the Court's website as "Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets."

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2      1.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

3  medium or manner in which it is generated, stored, or maintained (including, among other things,

4  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

5  responses to discovery in this matter.

6      1.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

7  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

8  as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

9  competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

10  or of a Party's competitor.

11      1.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or</u>

12  <u>Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another

13  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

14  less restrictive means.

15      1.9    <u>House Counsel</u>: attorneys who are employees of a party to this action.  House

16  Counsel does not include Outside Counsel of Record or any other outside counsel.

17      1.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

18  entity not named as a Party to this action.

19      1.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

20  action but are retained to represent or advise a party to this action and have appeared in this action

21  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

22      1.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

23  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

24      1.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

25  Material in this action.

26      1.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services

27  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

28  organizing, storing, or retrieving data in any form or medium) and their employees and

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1    subcontractors.

2        1.15    Protected Material: any Disclosure or Discovery Material that is designated as

3    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4        1.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a

5    Producing Party.

6    2.    SCOPE

7        The protections conferred by this Stipulation and Order cover not only Protected Material

8    (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

9    all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

10   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

11   However, the protections conferred by this Stipulation and Order do not cover the following

12   information: (a) any information that is in the public domain at the time of disclosure to a

13   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

14   a result of publication not involving a violation of this Order, including becoming part of the

15   public record through trial or otherwise; and (b) any information known to the Receiving Party

16   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

17   obtained the information lawfully and under no obligation of confidentiality to the Designating

18   Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

19   3.    DURATION

20       Even after final disposition of this litigation, the confidentiality obligations imposed by

21   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

22   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

23   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

24   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

25   including the time limits for filing any motions or applications for extension of time pursuant to

26   applicable law.

27   4.    DESIGNATING PROTECTED MATERIAL

28       4.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1  or Non-Party that designates information or items for protection under this Order must take care

2  to limit any such designation to specific material that qualifies under the appropriate standards.

3  To the extent it is practical to do so, the Designating Party must designate for protection only

4  those parts of material, documents, items, or oral or written communications that qualify—so that

5  other portions of the material, documents, items, or communications for which protection is not

6  warranted are not swept unjustifiably within the ambit of this Order.

7  Mass, indiscriminate, or routinized designations are prohibited. Designations that are

8  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

9  unnecessarily encumber or retard the case development process or to impose unnecessary

10 expenses and burdens on other parties) expose the Designating Party to sanctions.

11 If it comes to a Designating Party's attention that information or items that it designated

12 for protection do not qualify for protection at all or do not qualify for the level of protection

13 initially asserted, that Designating Party must promptly notify all other parties that it is

14 withdrawing the mistaken designation.

15     4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

16 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

17 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

18 designated before the material is disclosed or produced.

19     Designation in conformity with this Order requires:

20         (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents,

21 but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

22 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23 EYES ONLY" to each page that contains protected material. If only a portion or portions of the

24 material on a page qualifies for protection, the Producing Party also must clearly identify the

25 protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

26 each portion, the level of protection being asserted.

27     A Party or Non-Party that makes original documents or materials available for inspection

28 need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

- 6 -

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3        Transcripts containing Protected Material shall have an obvious legend on the title page

4   that the transcript contains Protected Material, and the title page shall be followed by a list of all

5   pages (including line numbers as appropriate) that have been designated as Protected Material and

6   the level of protection being asserted by the Designating Party. The Designating Party shall

7   inform the court reporter of these requirements. Any transcript that is prepared before the

8   expiration of a 21-day period for designation shall be treated during that period as if it had been

9   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

10  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

11  actually designated.

12        (c)     for information produced in some form other than documentary and for any

13  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

14  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

15  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

16  the information or item warrant protection, the Producing Party, to the extent practicable, shall

17  identify the protected portion(s) and specify the level of protection being asserted.

18        4.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

19  designate qualified information or items does not, standing alone, waive the Designating Party's

20  right to secure protection under this Order for such material. Upon timely correction of a

21  designation, the Receiving Party must make reasonable efforts to assure that the material is

22  treated in accordance with the provisions of this Order.

23  5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

24        5.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

25  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

26  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

27  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

28  challenge a confidentiality designation by electing not to mount a challenge promptly after the

1    original designation is disclosed.

2         5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

3    process by providing written notice of each designation it is challenging and describing the basis

4    for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

5    notice must recite that the challenge to confidentiality is being made in accordance with this

6    specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

7    good faith and must begin the process by conferring directly (in voice to voice dialogue; other

8    forms of communication are not sufficient) within 14 days of the date of service of notice.  In

9    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

10   designation was not proper and must give the Designating Party an opportunity to review the

11   designated material, to reconsider the circumstances, and, if no change in designation is offered,

12   to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

13   stage of the challenge process only if it has engaged in this meet and confer process first or

14   establishes that the Designating Party is unwilling to participate in the meet and confer process in

15   a timely manner.

16        5.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

17   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

18   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

19   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

20   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

21   After the Designating Party has filed three motions to retain confidentiality, the burden to move

22   shifts to the Challenging Party.  Each such motion must be accompanied by a competent

23   declaration affirming that the movant has complied with the meet and confer requirements

24   imposed in the preceding paragraph.  Failure by the Designating or Challenging Party to make

25   such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

26   automatically waive either the challenge to confidentiality or the confidentiality designation for

27   each challenged designation .  In addition, the Challenging Party may file a motion challenging a

28   confidentiality designation at any time if there is good cause for doing so, including a challenge to

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1   the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant

2   to this provision must be accompanied by a competent declaration affirming that the movant has

3   complied with the meet and confer requirements imposed by the preceding paragraph.

4           The burden of persuasion in any such challenge proceeding shall be on the Designating

5   Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

6   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

7   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

8   file a motion to retain confidentiality as described above, all parties shall continue to afford the

9   material in question the level of protection to which it is entitled under the Producing Party's

10  designation until the Court rules on the challenge.

11  6.      ACCESS TO AND USE OF PROTECTED MATERIAL

12          6.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

13  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

15  to the categories of persons and under the conditions described in this Order.  When the litigation

16  has been terminated, a Receiving Party must comply with the provisions of section 13 below

17  (FINAL DISPOSITION).

18          Protected Material must be stored and maintained by a Receiving Party at a location and

19  in a secure manner that ensures that access is limited to the persons authorized under this Order.

20          6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

21  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

22  disclose any information or item designated "CONFIDENTIAL" only to:

23                  (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

24  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

25  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

26  Bound" that is attached hereto as Exhibit A;

27                  (b)     the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

1  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2          (c)     Experts (as defined in this Order) of the Receiving Party to whom

3  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

4  and Agreement to Be Bound" (Exhibit A);

5          (d)     the Court and its personnel;

6          (e)     court reporters and their staff, professional jury or trial consultants, and

7  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

8  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (f)     during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

12  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

13  separately bound by the court reporter and may not be disclosed to anyone except as permitted

14  under this Stipulated Protective Order.

15          (g)     the author or recipient of a document containing the information or a

16  custodian or other person who otherwise possessed or knew the information.

17      6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18  Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

19  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21          (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

22  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

24  Bound" that is attached hereto as Exhibit A;

25          (b)     Three attorneys of the Designated House Counsel of the Receiving Party

26  (1) who have no involvement in competitive decision-making, (2) to whom disclosure is

27  reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and

28  Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph

7.4(a)(1), below, have been followed;

   (c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

   (d)  the Court and its personnel;

   (e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   (f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  6.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel</u>.

   (a)  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

   (b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified

1    Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

2    receives a written objection from the Designating Party.  Any such objection must set forth in

3    detail the grounds on which it is based.

4              (c)      A Party that receives a timely written objection must meet and confer with

5    the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

6    agreement within seven days of the written objection.  If no agreement is reached, the Party

7    seeking to make the disclosure to Designated House Counsel may file a motion as provided in

8    Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

9    applicable) seeking permission from the Court to do so.  Any such motion must describe the

10   circumstances with specificity, set forth in detail the reasons why the disclosure to Designated

11   House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail,

12   and suggest any additional means that could be used to reduce that risk.  In addition, any such

13   motion must be accompanied by a competent declaration describing the parties' efforts to resolve

14   the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

15   setting forth the reasons advanced by the Designating Party for its refusal to approve the

16   disclosure.

17            In any such proceeding, the Party opposing disclosure to Designated House Counsel shall

18   bear the burden of proving that the risk of harm that the disclosure would entail (under the

19   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

20   its Designated House Counsel or Expert.

21   7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

22   LITIGATION

23            If a Party is served with a subpoena or a court order issued in other litigation that compels

24   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

25   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

26            (a)      promptly notify in writing the Designating Party.  Such notification shall

27   include a copy of the subpoena or court order;

28            (b)      promptly notify in writing the party who caused the subpoena or order to

- 12 -

1    issue in the other litigation that some or all of the material covered by the subpoena or order is

2    subject to this Protective Order.  Such notification shall include a copy of this Stipulated

3    Protective Order; and

4             (c)    cooperate with respect to all reasonable procedures sought to be pursued by

5    the Designating Party whose Protected Material may be affected.

6        If the Designating Party timely seeks a protective order, the Party served with the

7    subpoena or court order shall not produce any information designated in this action as

8    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  before a

9    determination by the court from which the subpoena or order issued, unless the Party has obtained

10   the Designating Party's permission.  The Designating Party shall bear the burden and expense of

11   seeking protection in that court of its confidential material—and nothing in these provisions

12   should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

13   lawful directive from another court.

14   8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

15        LITIGATION

16            (a)    The terms of this Order are applicable to information produced by a Non-

17   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

19   this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

20   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

21            (b)    In the event that a Party is required, by a valid discovery request, to

22   produce a Non-Party's confidential information in its possession, and the Party is subject to an

23   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

24   Party shall:

25            1.    promptly notify in writing the Requesting Party and the Non-Party

26   that some or all of the information requested is subject to a confidentiality agreement with a Non-

27   Party;

28

1        2.      promptly provide the Non-Party with a copy of the Stipulated

2  Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

3  description of the information requested; and

4        3.      make the information requested available for inspection by the

5  Non-Party.

6      (c)     If the Non-Party fails to object or seek a protective order from this Court

7  within 14 days of receiving the notice and accompanying information, the Receiving Party may

8  produce the Non-Party's confidential information responsive to the discovery request.  If the

9  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

10  in its possession or control that is subject to the confidentiality agreement with the Non-Party

11  before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall

12  bear the burden and expense of seeking protection in this Court of its Protected Material.

13  9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

14      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

18  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

19  made of all the terms of this Order, and (d) request such person or persons to execute the

20  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

21  10.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

22  <u>MATERIAL</u>

23      When a Producing Party gives notice to Receiving Parties that certain inadvertently

24  produced material is subject to a claim of privilege or other protection, the obligations of the

25  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If

26  information is produced in discovery that is subject to a claim of privilege or of protection as

27  trial-preparation material, the party making the claim may notify any party that received the

28  information of the claim and the basis for it.  After being notified, a party must promptly return or

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1    destroy the specified information and any copies it has and may not sequester, use or disclose the

2    information until the claim is resolved.  This includes a restriction against presenting the

3    information to the Court for a determination of the claim.  This provision is not intended to

4    modify whatever procedure may be established in an e-discovery order that provides for

5    production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e),

6    insofar as the parties reach an agreement on the effect of disclosure of a communication or

7    information covered by the attorney-client privilege or work product protection, the parties may

8    incorporate their agreement in the stipulated protective order submitted to the Court.

9    11.    MISCELLANEOUS

10        11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

11   seek its modification by the Court in the future.

12        11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

13   Order no Party waives any right it otherwise would have to object to disclosing or producing any

14   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

15   no Party waives any right to object on any ground to use in evidence of any of the material

16   covered by this Protective Order.

17        11.3    Filing Protected Material.  Without written permission from the Designating Party

18   or a court order secured after appropriate notice to all interested persons, a Party may not file in

19   the public record in this action any Protected Material.  A Party that seeks to file under seal any

20   Protected Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected

21   Material may only be filed under seal pursuant to a court order authorizing the sealing of the

22   specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a

23   sealing order will issue only upon a request establishing that the Protected Material at issue is

24   privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

25   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

26   5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the Protected

27   Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by

28   the Court.

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1    12.    FINAL DISPOSITION

2          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3    Receiving Party must return all Protected Material to the Producing Party or destroy such

4    material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

5    compilations, summaries, and any other format reproducing or capturing any of the Protected

6    Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

7    submit a written certification to the Producing Party (and, if not the same person or entity, to the

8    Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

9    the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

10   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

11   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

12   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

13   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

14   product, and consultant and expert work product, even if such materials contain Protected

15   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

16   this Protective Order as set forth in Section 4 (DURATION).

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED:  8/30/12                              By /s/Stephen Gardner (with permission)

4                                               Stephen Gardner
                                                sgardner@cspinet.org
5                                               CENTER FOR SCIENCE IN THE PUBLIC
                                                INTEREST
6                                               5646 Milton Street, Suite 211
                                                Dallas, Texas 75206 Telephone: (214) 827-2774
7                                               Facsimile: (214) 827-2787

8                                               Michael Reese
                                                mreese@reeserichman.com
9                                               REESE RICHMAN LLP
                                                875 Avenue of the Americas, 18th Floor
10                                              New York, New York 10001
                                                Telephone: (212) 643-0500
11                                              Facsimile: (212) 253-4272

12                                              Attorneys for Plaintiff

13
    DATED:  8/30/12                              By /s/Jeffrey J. Fowler
14                                              Jeffrey J. Fowler
                                                jfowler@omm.com
15                                              O'MELVENY & MYERS LLP

16                                              David T. Biderman
                                                DBiderman@perkinscoie.com
17                                              Charles C. Sipos (Pro Hac Vice)
                                                CSipos@perkinscoie.com
18                                              PERKINS COIE LLP

19                                              Chris S. Coutroulis (Pro Hac Vice)
                                                ccoutroulis@carltnofields.com
20                                              Robert L. Ciotti (Pro Hac Vice)
                                                rciotti@carltonfields.com
21                                              M. Derek Harris (Pro hac vice)
                                                mdharris@carltonfields.com
22                                              CARLTON FIELDS

23                                              Attorneys for General Mills, Inc.

24
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
25

26                        August 31, 2012
    DATED: _____        _____
27                                              Samuel Conti
                                                United States Senior District Judge
28

                                                              [PROPOSED] STIPULATED
                            - 17 -                             PROTECTIVE ORDER
                                                              11-CV-05056 (SC)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] STIPULATED
PROTECTIVE ORDER
11-CV-05056 (SC)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of <u>Annie Lam, on behalf of herself, and</u>

<u>all others similarly situated v. General Mills, Inc., Case No. 11-CV-05056 (SC)</u>.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                     [printed name]

Signature: _____
                [signature]